# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| JASON CAMACHO AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, | | **JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41 (a)(1)(A)(ii)** |
| | Plaintiffs, | |
| -against- | | |
| NEW HAMPSHIRE INSTITUTE OF ART, | | Case No.: 18-cv-10886 |
| | Defendant. | |

---

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff JASON CAMACHO ("Plaintiff") and Defendant New Hampshire Institute of Art now a subsidiary of New England College and New England College (collectively "NHIA") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until July 31, 2022 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the

Confidential Settlement Agreement and Release of Claims reads as follows:

> NHIA shall, within thirty-six (36) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website or Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website(s) ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. The Parties further agree that ADA Compliant shall

23409218.v1

include substantial conformance with any standard later established or recognized by the United States Supreme Court, the U.S. Circuit Court of Appeals for the Second Circuit or the U.S. Department of Justice. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, any U.S. Circuit Court of Appeals, or a New York or New Hampshire State appellate court renders a decision, pursuant to which the Website(s) is/are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that NHIA will be relieved of the obligations set forth in this Section 2(C). If NHIA's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of NHIA's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief.

Following the Remediation Period, NHIA shall, either on its own or through a third party vendor, monitor the Website on a periodic basis to ensure that it continues to be ADA Compliant. NHIA agrees that if any portion of the Website is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Website and will cause it to be ADA Compliant.

Each party shall bear her or its own fees, costs and attorneys' expenses.

Dated: ~~July~~ August _/_, 2019
Albany, New York

GOTTLIEB & ASSOCIATES

By: _____
     Jeffrey M. Gottlieb, Esq.
*Attorney for Plaintiffs*
150 East 18th Street, Suite PHR
New York, NY 1003

Dated: August /, 2019 _____

GOLDBERG SEGALLA, LLP

By: _____
     Jonathan M. Bernstein, Esq.
*Attorney for Defendant, NHIA*
8 Southwoods Boulevard, Suite 300
Albany, New York 12211

Dated: August 6, 2019 _____

SO ORDERED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: Aug. 28, 2019

_____
Honorable Edgardo Ramos

23409218.v1                                3.